## 654

**ASSOCIATED HOBBY MFRS., INC.,**
Appellant,

v.

**The UNITED STATES, Appellee.**

Customs Appeal No. 5500.

United States Court of Customs
and Patent Appeals.

April 5, 1973.

———◆———

Allerton deC. Tompkins, New York City, of record, for appellant.

Harlington Wood, Jr., Asst. Atty. Gen., Andrew P. Vance, Chief, Customs Sec-

tion, Joseph I. Liebman, New York City, for the United States.

Before MARKEY, Chief Judge, RICH, BALDWIN and LANE, Associate Judges, and CLARK, Justice, retired, sitting by designation.

BALDWIN, Judge.

This appeal is from the decision and judgment of the United States Customs Court,[1] dismissing appellant's protest concerning the classification of imported sets containing miniature plastic figures and certain accompanying items. The court's description of appellant's Exhibit 1 sufficiently conveys the nature of the merchandise:

> *Exhibit 1,* identified as the "Guards Band," has on the front of the cardboard box an illustration of five marching bandsmen of the British Guard's Band dressed in ceremonial uniform. On the back of the box is an illustration of the band leader, and next to that a statement that "[t]his set consists of 44 HO and OO scale figures, suitable for use with the Airfix HO & OO Trackside series, and are completely finished with the exception of painting." The contents of the box consist of 44 miniature figures of uniformed musicians playing various * * * musical instruments.[2] These figures are complete except for the drummers for whom eight miniature drums are included—each of which can be snapped into place on the appropriate drummer figure.

The court's footnote 2 pointed out that "[a]s imported, the individual pieces contained in each set are attached in groups of 9 to 13 to a plastic bar called a 'sprue'!"

The merchandise was classified as other toy figures of animate objects (except dolls), not having a spring mechanism, and not stuffed, under item 737.40, TSUS, as modified, T.D. 68–9. Appellant contends that the proper classification of the merchandise should have been as "[c]onstruction kits or sets with

construction units prefabricated to precise scale of the actual article," under item 737.09, or as articles of plastic, not specially provided for, under item 774.60.

Upon consideration of the record in this case and appellant's arguments, we are in complete agreement with every aspect of the Customs Court's opinion save one.

The court pointed out that appellant's witness testified that "the sets are made as precisely to HO scale, which is in the ratio of 87 to 1, as present-day technology makes possible." After determining that the merchandise did not fit within the meaning of the term "construction kits or sets" as it is used in item 737.09, the court stated:

> Also militating against classification of the imports as "construction kits or sets with construction units prefabricated to precise scale of the actual article" is that plaintiff failed to establish that the imported articles were, in fact, made to the "precise scale" of the actual articles. Indeed, examination of the samples indicates to the contrary. For example, checking a few of the samples, the Japanese infantrymen in plaintiff's exhibit 6 measure approximately $^{15}/_{16}$th of an inch—which would mean that at the HO scale of 87:1 the actual Japanese infantrymen so depicted would be 6'9½" tall! And although plaintiff's witness testified that the Japanese figures were slightly smaller than the American figures, many of the American paratroop figures in plaintiff's exhibit 8, as illustrated, likewise measure $^{15}/_{16}$th of an inch, thus depicting American paratroopers of the same heights as the Japanese infantrymen, i.e., 6'9½".

It may well be that the actual scale of the figures is significantly different from 87 to 1. But considering the fact that an error in measurement of the figures of $^{1}/_{16}$th of an inch would result in a calculated error of the height of the original subject of well over 5 inches, we are not convinced that the figures are not made on *some* "precise scale" within the meaning of the statute. As appellant points out, "[u]nder TSUS 737.09 there is no specific scale required for classification thereunder—HO or otherwise—so long as it is made to a 'precise scale.'"

In our view, the remaining findings of the Customs Court are fully supported by the record, and its conclusion that appellant had failed to establish the correctness of either of its claimed classifications is clearly correct. Accordingly, the decision and judgment are *affirmed*.

Affirmed.