**PISTORINO & CO., INC., Appellant,**

v.

**The UNITED STATES, Appellee.**

**Appeal No. 79–4.**

United States Court of Customs and Patent Appeals.

June 14, 1979.

Walter E. Doherty, Jr., Doherty & Melahn, Boston, Mass., attorneys of record, for appellant, Eleanor D. Acheson, Ropes & Gray, Boston, Mass., of counsel.

Barbara Allen Babcock, Asst. Atty. Gen., David M. Cohen, Director, Joseph I. Lieb-

man, Susan Handler-Menahem, New York City, for the U. S.

Before MARKEY, Chief Judge, RICH, BALDWIN and MILLER, Associate Judges, and PENN,* Judge.

PER CURIAM.

Appeal from the judgment of the United States Customs Court, 81 Cust.Ct. 37, C.D. 4763, 461 F.Supp. 331 (1978). The court held that plaintiff (appellant) had not overcome the presumption of correctness of the classification of the imported figures as "models" under TSUS item 737.15, and had not proven correct its claimed classification as "charts" under TSUS 273.35.

■ Upon thorough consideration of the record, briefs, and oral arguments, we are in full agreement with the opinion of Judge Maletz and adopt it as our own, adding only the following comments.

■ Appellant's contention that "use is a relevant factor in establishing *vel non* the identity of the article as a 'model,'" is without merit. The common meaning of "model," as used in TSUS 737.15, and as established by the record evidence and dictionary definitions, neither entails nor requires consideration of the article's use. The general rule precluding consideration of use in eo nomine dèsignations applies here. See *United States v. Quon Quon Company*, 46 CCPA 70, 72–73, C.A.D. 699 (1959); *F.W. Myers & Co., Inc. v. United States*, 24 Cust.Ct. 178, 184–85, C.D. 1228 (1950).

■ Appellant's contention that Congress did not intend that the present models provisions should apply to representations of animate objects such as the imported hu-man figures is not supported by legislative history. The *Tariff Classification Study*, Schedule 7, 292 (1960) states that under the Tariff Act of 1930, "models of inventions and other improvements in the arts" were specifically provided for, while the types of models now provided for in items 737.07, 737.09, and 737.15 were dutiable as children's toys or under various "basket" provisions. Although one purpose of the present provisions was to eliminate disputes over "whether certain models, particularly trains, are 'toys' for children or 'models' for the use of hobbyists," the provisions encompass all models and do not differentiate between the animate and inanimate. The cases cited by appellant, *Associated Hobby Manufacturers, Inc. v. United States*, 475 F.2d 654, 60 CCPA 121, C.A.D. 1093 (1973), *Hudson Shipping Co., Inc. v. United States*, 75 Cust.Ct. 26, C.D. 4606 (1975), and *Polk's Model Craft Hobbies, Inc. v. United States*, 42 Cust.Ct. 103, C.D. 2073 (1959), aff'd, 47 CCPA 137, C.A.D. 746 (1960), are not controlling. Those cases involved different articles and different competing tariff provisions.[1] Our present conclusion is confirmed by the statement in 4 *Summaries of Trade and Tariff Information*, Schedule 7, 171 (1968), that "[m]odels are three dimensional representations of objects such as * * * the human anatomy * * *."

■ In support of its burden of proving the imported figures charts, appellant points to hand-drawn lines on the figures and to the manual accompanying the figures, asserting that each satisfies the "printed matter" requirement of Schedule 2, part 5, Headnote 1. However, the hand-drawn lines are drawn on machine-made lines embossed on the figures. Thus the hand-drawn lines do not constitute the requisite "textual or pictorial matter," but are

---

* The Honorable John G. Penn, United States District Court for the District of Columbia, sitting by designation.

1. Appellant also points to two Customs Bureau rulings, 99 Treas.Dec. 105, T.D. 56111(56) (1964) and 99 Treas.Dec. 476, T.D. 56237(19) (1964), that anatomical or biological models were classifiable as rubber or plastic articles, not specifically provided for. We note that in a later Customs Bureau ruling, 101 Treas.Dec. 437, T.D. 66–157(23) (1966), anatomical models were classified as "Other models" under TSUS 737.15.

"employed mainly for coloration." Although appellant's testimony indicated that the figures would be useless without the accompanying explanatory manuals, the manuals are not themselves alleged to be charts. The evidence as a whole indicates that a manual may accompany either a model or a chart, as those terms are commonly understood, and the presence of the manual cannot therefore control the designation of the imported figures.

Accordingly, the judgment of the Customs Court is *affirmed.*